UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL PAUL ESTRADA,

    Petitioner,

v.                                                         CASE NO. 8:12-CV-758-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") pursuant to 28 U.S.C. § 2254 challenging a plea-based conviction for robbery with a weapon entered in 2010 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1), a motion for leave to proceed *in forma pauperis* (Dkt. 2), and a motion for appointment of counsel (Dkt. 4). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2011), and concludes that the petition is subject to summary dismissal.[1]

---

[1]Rule 4 authorizes a district judge to summarily dismiss a habeas petition if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." See *Granberry v. Greer*, 481 U.S. 129, 135 n.7 (1987).

**Background**

According to the petition, Petitioner pleaded guilty to robbery with a weapon (Dkt. 1 at pp. 1-2). The appellate court affirmed the judgment of conviction (Id. at 2). Petitioner filed, in the state circuit court, a post conviction motion pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure in which he asserted that the trial court lacked subject matter jurisdiction to enter the judgment of conviction because the arrest affidavit did not have "the official seal" required by Section 92.50(1), Florida Statutes (Id. at 2-3). The post conviction motion was denied on December 28, 2011 (Id. at 3).

Petitioner filed the instant federal habeas petition on April 2, 2012 (Id. at 1).[2] It appears that the petition raises the same ground for relief Petitioner exhausted in state court, to wit, the state trial court lacked subject matter jurisdiction because the probable cause arrest affidavit was deficient (Id. at 3-4, 6).

**Discussion**

Petitioner's claim that he is entitled to habeas relief because the trial court lacked subject matter jurisdiction to enter the judgment of conviction since the arrest affidavit did not have "the official seal" required by Florida statute does not present a federal constitutional question cognizable on habeas review.[3] Federal habeas relief is available to

---

[2] Although the Norther District Court received Petitioner's petition on April 4, 2012, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner delivered his petition to prison officials for mailing on April 2, 2012 (Dkt. 1 at 1).

[3] Although gauged in terms of subject matter jurisdiction and due process (see Dkt. 1 at 4, 6), Petitioner's claim is substantively a challenge to the adequacy of the arrest affidavit under state law.

correct only those injuries resulting from a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). A state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (per curiam); *Smith v. Wainwright*, 741 F.2d 1248, 1258 (11th Cir. 1984); *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988).

A state court's jurisdiction to enter a judgment and sentence a defendant is a matter of state law that is not cognizable on federal collateral review. *Green v. McNeil*, 2011 U.S. Dist. LEXIS 77005, 15-16 (N.D. Fla. June 22, 2011) (unpublished) (citing *Chandler v. Armontrout*, 940 F.2d 363, 366 (8th Cir. 1991) ("The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction.")). Whether the arrest affidavit complied with Florida law or whether the trial court in this case had jurisdiction to enter a judgment and sentence Petitioner is beyond the scope of this Court's review under 28 U.S.C. § 2254. *Id*. at 16. Accordingly, Petitioner's claim does not warrant relief.

To the extent Petitioner's claim may be liberally construed as attacking the validity of his arrest by asserting that Petitioner was arrested without probable cause (see Dkt. 1 at 4), the claim has no merit. First, Petitioner does not allege any facts in support of the claim that he was arrested without probable cause. Therefore, he is not entitled to habeas relief,

3

or even an evidentiary hearing, on this claim. *See Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, Allen is not entitled to an evidentiary hearing."); *San Martin v. McNeil*, 633 F.3d 1257, 1271 (11th Cir. 2011) ("'An evidentiary hearing may be necessary where the material facts are in dispute, but a petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics.'") (quoting *Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006)).

Second, "[a]n arrest does not violate the Fourth Amendment if it is supported by probable cause." *Barr v. Gee*, 437 Fed. Appx. 865, 877 (11th Cir. Fla. 2011) (unpublished) (citing *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1137 (11th Cir. 2007)). "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *Id*. (quotation omitted).

The Criminal Arrest Affidavit that Petitioner attached to his petition indicates that the victim was a pizza delivery driver whom was attacked by Petitioner and his co-defendant, Stephen Baxley, when the victim exited his car to make a delivery (Dkt. 1 at 11). Law enforcement responded to Baxley's residence and took him into custody (Id.). Baxley confessed to his part in the robbery, and identified Petitioner as his accomplice (Id.). Because Petitioner was arrested on the basis of information supplied by his co-defendant,

4

there is a sufficient showing of probable cause to justify the arrest.[4]

Finally, Petitioner pleaded guilty (Dkt. 1 at 1). He does not allege that his plea was involuntary. Therefore, Petitioner waived any right to bring this claim. *See Hutchins v. Sec'y for the Dep't of Corr.*, 273 Fed. Appx. 777, 778 (11th Cir. 2008) (unpublished) (a knowing and voluntary guilty plea waives all constitutional challenges to a conviction that arose before the guilty plea) (citation omitted).

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court

---

[4]The Court notes that a criminal participant or witness to a crime "need *not* be shown to have been previously reliable before the authorities may rely on his statements." *See United States v. Gaviria*, 805 F.2d 1108, 1115 (2d Cir. 1986), *cert. denied*, 481 U.S. 1031 (1987) (quoting *United States v. Rueda*, 549 F.2d 865, 869 (2d Cir. 1977)) (emphasis in original).

5

must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 12, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

6